UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-3837-OTAZO-REYES

UNITED STATES OF AMERICA

v.

LUIS LEONARDO SUAREZ SERRA,

         **Defendant.**
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia Valle)?   ___ Yes ✓ No

2. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)?   ___ Yes ✓ No

3. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss)?   ___ Yes ✓ No

                          Respectfully submitted,

                          ARIANA FAJARDO ORSHAN
                          UNITED STATES ATTORNEY

BY:   *Robert J. Emery*

                          ASSISTANT UNITED STATES ATTORNEY
                          District Court No. A5501892
                          99 N.E. 4th Street
                          Miami, Florida 33132
                          Tel:    786-509-1920
                          Fax:   305-536-7213
                          Email: robert.emery2@usdoj.gov

Application for a Complaint by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) |
|---|---|
| v. | ) |
| | ) Case No. |
| Luis Leonardo Suarez Serra, | ) |
| | ) |
| | ) |
| *Defendant(s)* | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of  December 2017 thru January 2018  in the county of  Miami-Dade  in the Southern District of  Florida , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 1956(h) | Conspiracy to commit money laundering. |

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT.

☑ Continued on the attached sheet.

*Complainant's signature*

William A. Callo, DEA Special Agent
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by FaceTime.

Date: 10/17/20

*Judge's signature*

City and state:  Miami, Florida   Alicia M. Otazo-Reyes, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT

Your Affiant William A. Callo, first being duly sworn, state the following as true and accurate to the best of my knowledge and belief:

1. I am a Special Agent with the United States Drug Enforcement Administration (hereinafter DEA) and have been so employed since 2012.  Your Affiant is a Law Enforcement Officer within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States, who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Title 18, United States Code, Section 2516 (1), and in Title 21, United States Code, Section 878.  As a Special Agent with DEA, I have successfully completed DEA Basic Agent Training that was held at the DEA Training Academy in Quantico, VA.

2. I am currently assigned to investigate drug trafficking and money laundering organizations as a member of Drug Enforcement Administration Miami Field Division Enforcement Group 10 in Miami, Florida.  Enforcement Group 10 is an investigative entity that is comprised of law enforcement officers from various federal, state and local law enforcement agencies who work together in a cooperative relationship to investigate violations of the Controlled Substances Act, Title 21 of the United States Code, and Title 18, United States Code, Section 1956.

3. During my employment with the DEA, I have participated in numerous narcotics investigations that have included physical and electronic surveillance; the interception and analysis of wire and oral communications; execution of search and arrest warrants; evidence handling; undercover operations; the control and administration of confidential sources; international drug importations; and domestic drug distribution organizations.  I have participated in the arrest and subsequent prosecution of numerous drug traffickers.  I also have spoken on numerous occasions

with informants, suspects, and experienced narcotics investigators concerning the manner, means, methods and practices that drug traffickers use to further the operation of their drug trafficking organizations and the most effective methods of investigating and dismantling drug trafficking organizations.

4.      The information contained in this affidavit is submitted for the sole purpose of establishing probable cause to arrest Luis Leonardo SUAREZ Serra, (hereafter SUAREZ Serra) for violation of Title 18, United States Code, Sections 1956(h) and 1956(a)(2), that is, having conspired to transport, transmit, and transfer, or attempt to transport, transmit, and transfer a monetary instrument or funds from a place in the United States to or through a place outside the United States, with the intent to promote the carrying on of specified unlawful activity.

5.      Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not contain all of the information known to me and other law enforcement officers involved in this investigation. The facts and information contained in this affidavit are based on my personal knowledge and observations, as well as upon information received in my official capacity from other individuals, including other law enforcement officers involved in this investigation, as well as my review of records, documents, and other physical items obtained during the course of this investigation.

6.      SUAREZ Serra is a Venezuelan citizen residing primarily on Isla Margarita, Venezuela. He was issued a multiple entry B1/B2 visa on March 24, 2014 at the United States Embassy in Caracas, Venezuela. SUAREZ Serra holds a Venezuelan passport ending in 8203.

7.      In or around November 2017 through in or around January 2018, DEA received information that two individuals, Witness 1 and Witness 2, pick up hundreds of thousands of U.S dollars in drug proceeds in the United States for transfer to Venezuela on behalf of SUAREZ Serra.

Witness 1 and Witness 2 agreed and carried out SUAREZ Serra's instructions using other couriers, as well as wire transfers to and from third party businesses primarily located in the Southern District of Florida, to transfer drug proceeds out of the United States.

8. On or about December 20, 2017, in Jacksonville, Florida, DEA agents seized a total of $371,756 in drug proceeds from a money courier Esteban LINAREZ, who was working for SUAREZ Serra. The money courier intended to deliver the drug proceeds to an individual in the Southern District of Florida for transfer out of the United States.

9. On or about January 10, 2018, in the Orlando, Florida area, DEA agents seized a total of $241,955 in drug proceeds directly from SUAREZ Serra. DEA had received information that SUAREZ Serra intended to bring the drug proceeds to the Southern District of Florida for transfer out of the United States. However, during the encounter, SUAREZ Serra told the agents that he had brought this money from Venezuela for personal use, but that he did not declare when he first entered the United States. DEA did not arrest SUAREZ Serra at this time.

10. After the January 2018 encounter, SUAREZ Serra returned to Venezuela at some point. In or around August 2020, law enforcement learned that SUAREZ Serra was back in the United States.

11. On October 16, 2020, DEA agents conducted surveillance of a business located at 1592 NW 82nd Ave Doral, Florida 33126. During surveillance, DEA agents approached SUAREZ Serra.

12. After waiving his Miranda rights orally and in writing, SUAREZ Serra acknowledged to the agents that in 2017 he traveled to the United States and engaged in money laundering activities on behalf of a Venezuelan drug trafficker named Jeffrey MONTANO. Specifically, SUAREZ Serra acknowledged that early 2018, SUAREZ Serra drove to New Jersey

with the sole purpose of picking up a large quantity of drug proceeds from an unknown person and transferring the drug proceeds to a third party in Miami-Dade County. SUAREZ Serra stated he negotiated with MONTANO to receive approximately three percent of the drug proceeds laundered. SUAREZ Serra acknowledged the drug proceeds that DEA seized from him in the Orlando area in January 2018 were destined for Venezuela. SUAREZ Serra stated that he had picked up approximately $240,000 in the New Jersey area, and as he was driving to Miami-Dade County, DEA agents seized the drug proceeds from him in the Orlando area. He admitted that he lied to DEA agents during the January 2018 encounter about why he possessed the drug proceeds.

13.     SUAREZ Serra also acknowledged to the agents that sometime in 2017, he recruited Esteban LINAREZ to engage in money laundering activities in the United States on behalf of Venezuelan drug trafficker Jeffrey MONTANO. SUAREZ Serra said that law enforcement seized approximately $300,000 from LINAREZ in late 2017, and that LINAREZ was transporting drug proceeds to Miami-Dade County on behalf of MONTANO for transfer to Venezuela.

14.     SUAREZ Serra acknowledged to the agents that in August 2020, law enforcement seized approximately $300,000 in drug proceeds from him in Miami-Dade County.

15.     Based on the foregoing facts, I submit that probable cause exists to believe that beginning on a date uncertain but no later than December 2017 through January 2018, SUAREZ Serra did, while in the Southern District of Florida, conspire with others to transport, transmit, and transfer, or attempt to transport, transmit, and transfer a monetary instrument or funds from a place in the United States to or through a place outside the United States, with the intent to promote the carrying on of specified unlawful activity, in violation of Title 18, United States Code 1956(a)(2),

all in violation of Title 18, United States Code, Section 1956(h).

FURTHER AFFIANT SAYETH NAUGHT.

*William Callo*

WILLIAM A CALLO, SPECIAL AGENT
DRUG ENFORCEMENT ADMINISTRATION

Attested to in accordance with the requirements of
Fed. R. Crim. P. 4.1 by FaceTime this __17th__ day
of October, 2020.

*Alicia O. Reyes*

ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE